UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
JOHN JOSEPH MOAKLEY COURTHOUSE
1 COURTHOUSE WAY, SUITE 2300
BOSTON, MA 02210

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

FILED
IN CLERKS OFFICE
2021 SEP -7 PM 12:49
U.S. DISTRICT COURT
DISTRICT OF MASS.

BOSTON MA 020
2 AUG 2021 PM 7 L

NEOPOST
07/26/2021
US POSTAGE $000.51⁰

FIRST-CLASS MAIL



ZIP 02210
041M11276665

Edward Mahlowitz
385 Concord Avenue
Belmont, MA

NIXIE        061    DE 1              0009/04/21
           RETURN TO SENDER
                REFUSED
           UNABLE TO FORWARD

REF: BC: 02210302599     *1484-05122-04-37

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| IN RE: **EDWARD M. MAHLOWITZ**  ) ) ) ) ) ) ) ) ) | MISC. BUSINESS DOCKET<br>No.: 21-mc-91490-FDS |

## NOTICE OF FILING OF DISCIPLINARY ACTION

Notice is hereby given to **EDWARD M. MAHLOWITZ**, of the filing with the United States District Court for the District of Massachusetts of a certified copy of a judgment or order demonstrating that you have been disciplined by the Supreme Judicial Court. A copy of that judgment or order is enclosed herein, along with a copy of Local Rule 83.6.9.

Also enclosed is a Order to Show Cause to which you are required to respond within **twenty-eight (28) days** after service of this Notice and the Order, pursuant to this Court's Local Rule 83.6.9(b)(2).

DATED: July 29, 2021

BY: _____
Robert M. Farrell
Clerk of Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: **EDWARD M. MAHLOWITZ** ) ) ) ) ) ) ) ) ) | MISC. BUSINESS DOCKET<br>No.: 21-mc-91490-FDS |

## ORDER TO SHOW CAUSE

WHEREAS, the Supreme Judicial Court for the Commonwealth of Massachusetts has caused to be filed with this Court a certified copy of a judgment or order demonstrating that the aforementioned attorney has been disciplined.

WHEREAS, notice of said filing has been served upon **EDWARD M. MAHLOWITZ**, along with a copy of said filing and a copy of Local Rule 83.6.9.

WHEREFORE, pursuant to Local Rule 83.6.9(b)(2), **EDWARD M. MAHLOWITZ**, shall, within **twenty-eight (28) days** after service of this Order, file a response to this Order setting forth any and all claims predicated upon the grounds set forth in Local Rule 83.6.9(e)(1) that the imposition of the identical discipline by this Court would be unwarranted, the reasons therefor, and whether a hearing is requested. A hearing on any and all such claims will be held if requested, otherwise the matter will be determined upon the papers without a hearing.

DATED: July 29, 2021          BY: *Robert M. Farrell*
                                                                   Robert M. Farrell
                                                                   Clerk of Court

### RULE 83.6.9  RECIPROCAL DISCIPLINE

(a) **Generally.** When an attorney who is a member of the bar of this district or who is permitted to practice in this court has been disbarred or suspended in any other jurisdiction, the attorney may be subject to reciprocal discipline as set forth below.

(b) **Notice and Show-Cause Order.** Upon the filing of a certified copy of a judgment, order, or other official record demonstrating that the attorney has been disciplined by another court, this court shall promptly issue a notice to the attorney with the following:

   (1) a copy of the judgment or order or other official record; and

   (2) an order to show cause, within 28 days after service of the order, why this court should not impose the identical discipline.

(c) **Disciplinary Action or Referral.** If the attorney fails to respond within the 28-day period, or does not contest the matter, this court shall impose the identical discipline imposed by the other court. If the attorney responds within that period and contests the matter, the matter shall be referred to the presiding judge in accordance with Local Rule 83.6.5(c) for further review and action.

(d) **Effect of Stay.** In the event the action imposed in the other jurisdiction has been stayed there, any reciprocal action taken by this court shall be deferred until such stay expires.

(e) **Effect of Decision by Other Court.**

   (1) If, with respect to the action taken by the other court, the presiding judge finds:

      (A) that the procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;

      (B) that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this court could not, consistent with its duty, accept as final the other court's conclusion on that subject;

      (C) that the imposition of substantially similar discipline or the making of the same finding by this court would result in grave injustice; or

      (D) that the conduct at issue is deemed by the presiding judge to warrant substantially different disciplinary action,

   the presiding judge may enter such other orders as he or she deems appropriate under the circumstances.

(2) In all other respects, a final adjudication in another jurisdiction that an attorney has been guilty of misconduct shall establish conclusively the misconduct for purposes of any proceeding under this rule.

(f) **Definition of "Court."** The term "court" shall be defined for purposes of this rule as any court, or other governmental body having supervisory or disciplinary authority over attorneys, of the United States, any state, the District of Columbia, or any territory, commonwealth, or possession of the United States.

*Effective January 1, 2015.*